JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone: (916) 446-1916
Facsimile: (916) 446-1726
E-mail: jtelfer@telferlaw.com

Attorneys for Plaintiff
**ANTHONY HARRISON**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>PICK-N-PULL AUTO DISMANTLERS (STOCKTON), SCHNITZER STEEL INDUSTIRES, INC., and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 2:19-CV-01775-TLN-AC<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES: EMPLOYMENT DISCRIMINATION AND RETALIATION**<br><br>[28 U.S.C. § 1332(a), 28 U.S.C. § 1441(e), Pendent State Claim: Cal. Govt. Code § 12940]<br><br>**\*\*JURY TRIAL REQUESTED\*\*** |

COMES NOW PLAINTIFF, ANTHONY HARRISON and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a) (diversity jurisdiction). Diversity jurisdiction exists because Plaintiff is a citizen of the State of California; Defendant Pick-N-Pull Auto Dismantlers (Stockton) ("Pick-N-Pull") and Defendant Schnitzer Steel Industries, Inc. ("Schnitzer") are headquartered in the State of Oregon, with their principal place of business identified as 229 SW Clay Street, Portland, Oregon. The amount in controversy, exclusive of interests and/or costs, exceeds $75,000.

2.  This action is for damages and equitable relief and brought pursuant to Cal. Govt. Code § 12940 et seq. and California common law.

///

3. Venue of this action in this Court is proper since the actions as herein alleged occurred in the Eastern District of California.

**PARTIES**

4. By this Complaint, **ANTHONY HARRISON** (hereinafter referred to as "Harrison") seeks redress for the discrimination and retaliation by Pick-N-Pull and Schnitzer, and DOES 1 through 20, inclusive, (collectively "Defendants").

5. Harrison is an African American former exemplary employee of Defendants. He was first hired by Pick-N-Pull on approximately October 12, 2001 and performed well until his unlawful termination on approximately March 8, 2018. He was well-liked by customers of Defendants and had an excellent work ethic.

6. Pick-N-Pull's parent company is Schnitzer Steel Industries, Inc. (herein referred to as "Schnitzer") which is one of the nation's largest recyclers of ferrous and non-ferrous metals, a leading recycler of used and salvaged vehicles and a manufacturer of finished steel products. Schnitzer acquired interest in Pick-N-Pull in 1989 as a joint venture, and Pick-N-Pull became a wholly owned subsidiary of Schnitzer in 2003. Harrison is informed and believes Schnitzer operates and directs the personnel actions and policies of Pick-N-Pull.

7. Harrison is informed and believes, and thereon alleges, that each of the Defendants is, and at all times material herein was, commonly owned and controlled, and was the agent, alter-ego, or other representative of each of the remaining Defendants. Harrison is informed and believes, and thereon alleges, that each of the Defendants committed the acts and omissions herein alleged within the course and scope of their representative or employment capacity and with the full knowledge, consent, authority and ratification of each of the other Defendants named herein.

8. Harrison is informed and believes, and thereon alleges, that each of the Defendants is, and at all times material herein was, acting in concert and combination with each of the remaining Defendants pursuant to a common plan and course of conduct and is jointly and severally liable for the acts or conduct of every other Defendant.

///

///

9. In this complaint when reference is made to any act of Pick-N-Pull such allegations shall mean that the owners, officers, directors, agents, employees and/or representatives of Pick-N-Pull authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

10. In this complaint, when reference is made to any act of Schnitzer such allegations shall mean that the owners, officers, directors, agents, employees or representatives of Schnitzer authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

11. Harrison was a driver for Pick-N-Pull at the company's Stockton facility. Harrison's duties as a driver included safety loading and transporting vehicles from customer locations to the Stockton Pick-N-Pull store.

12. Defendants Pick-N-Pull and Schnitzer at all times material herein operated multiple offices in California, engaged in business in California, and was authorized to engage in business in California.

13. Harrison is ignorant of the true names and capacities of Defendants DOES 1 through 20, inclusive, and therefore sues them by fictitious names. Harrison will amend his complaint to allege the true names and capacities of the DOE Defendants when ascertained. Harrison is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and proximately caused Harrison's damages.

14. Harrison alleges on information and belief that, at all times relevant herein, Defendants, and each of them, have actively participated in the discrimination and retaliation against Harrison because of his protected class of being African American and opposing discrimination.

///

15. The managing agents for Defendants knew and/or should have known of the discrimination that Harrison had been forced to endure. Despite having been informed of, or having reasonable knowledge of said unlawful activity, these managing agents have refused to take any action to abate it.

16. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent and authorization of the remaining Defendants. Said acts, conduct and failures to act are within the scope of such agency and/or employment.

17. Harrison filed administrative claims with the Department of Fair Employment and Housing ("DFEH") on June 28, 2018 and the Equal Opportunity Commission. He received his right-to-sue from the DFEH on or about June 28, 2019.

## FIRST CAUSE OF ACTION
### Racial Discrimination
### Under Government Code §12490
### California Fair Employment Housing Act

18. Harrison incorporates herein by reference Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Harrison at all relevant times was an excellent employee. However, he was set up to fail, treated disparately, was micro-managed, harassed, subjected to pretextual discipline and ultimately terminated. The articulated business reason for the adverse acts including termination were a pretext to race discrimination.

20. The adverse acts and/or omissions of Defendants were substantially motivated by Harrison's race. Defendants, and each of them, have a pattern and practice of discriminating against African Americans.

21. As a result of the aforementioned conduct alleged herein, Harrison has suffered, and continues to suffer, humiliation, anxiety, mental anguish, emotional distress and loss of earning capacity.

22. As a proximate result of Defendants' willful, intentional and malicious conduct, Harrison suffered great emotional disturbance and shock and injury to his respective nervous

systems, all of which caused, continues to cause, and will cause Harrison severe physical and mental pain and suffering all to his damage according to proof.

23. As a further legal result of Defendants' conduct, Harrison has lost wages, his future earning capacity is impaired, and he will thus sustain loss of income and earnings in the future due to said impairment. The exact amount of Harrison's impairment of future income and earnings is unknown at the present time and is to be determined according to proof at the time of trial.

24. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct against other African Americans. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein and be required to treat African American employees fairly and equally.

25. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Harrison, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Harrison's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Harrison thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

**SECOND CAUSE OF ACTION**
**Retaliation Under Government Code §12490**
**California Fair Employment Housing Act**

26. Harrison herein incorporates by reference, as though fully set forth herein, paragraphs 1 through 25.

///

5
FIRST AMENDED COMPLAINT FOR DAMAGES: EMPLOYMENT DISCRIMINATION AND RETALIATION

27. Harrison engaged in the protected activity of opposing the race discrimination of one customer who repeatedly made racially derogatory statements creating a hostile working environment, as well as opposing the discriminatory acts taken against him. Harrison requested he not have to accept assignments with this particular customer, which was initially granted but close to the time of the intensified discrimination, he was required to return and service the customer, subjecting him to additional acts of discrimination.

28. As a result of Harrison's opposition to discrimination, Defendants retaliated against Harrison by disciplining him without merit and terminating him.

29. As a direct and foreseeable and proximate result of Defendants' retaliatory acts, Harrison has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to Harrison's damages in the amount according to proof at trial.

30. As a proximate result of Defendants willful, intentional and malicious conduct, Harrison has suffered and will continue to suffer extreme mental and emotional distress. Harrison therefore is entitled to an award of general and punitive damages against all Defendants.

31. As a direct and proximate result of the conduct of Defendants and each of them, Harrison has incurred and will continue to incur special damages including, but not necessarily limited to lost wages and salary, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

32. Harrison has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendants, including severe anxiety, physical ailments directly attributable to stress and other emotional trauma.

33. As a result of Defendant's discriminatory conduct as alleged herein, Plaintiff has no plain, adequate or complete remedy at law, and Defendant continues to engage in said wrongful conduct against other African Americans. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in this alleged wrongful practices set forth herein and be required to treat African American employees fairly and equally.

34. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Harrison, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Harrison's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Harrison thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

## THIRD CAUSE OF ACTION
### Failure to Correct
### (Violation of Government Code §12940(k))

35. Harrison incorporates herein by reference Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Defendants were put on notice of the illegal behavior of its employees, supervisors and managers against Harrison and other African Americans. Rather than take immediate corrective action as is required under the law, Defendants ignored the illegal behavior and ignored Harrison, and in fact took steps to cover up Pick-N-Pull's managers and supervisors' illegal actions.

37. As a direct and proximate result of the conduct of Defendants and each of them, Harrison has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

38. As a further, direct and proximate result of the conduct of Defendants, and each of them, Harrison has suffered and will continue to suffer general damages, including severe emotional distress. Harrison sustained great emotional disturbance, shock and injury to his nervous system, all of which caused and continues to cause Harrison severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

39. As a proximate result of Defendants' willful, intentional and malicious conduct, Harrison suffered and continues to suffer extreme mental and emotional distress.

///

## FOURTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Violation of Government Code §12940)

40. Plaintiff incorporates by reference paragraphs 1 through 39, inclusive of this complaint as if fully set forth.

42. Defendants and each of them discriminated against plaintiff on the basis of his race and retaliated against him for opposing and complaining of discrimination. Said public policy requires employers to not to discriminate against an employee because of their protected class and not retaliate against them for complaining of discrimination.

43. The adverse acts violated public policy, California statutory law including Government Code section 12940 *et seq.*, and California common law.

44. As a direct and foreseeable and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to plaintiff's damage in the amount according to proof at trial.

45. Defendants committed the acts described in the complaint oppressively, fraudulently, and maliciously, entitling plaintiff to an award of punitive damages against defendants in the amount appropriate to punish and make an example of defendants. Plaintiff suffered damages proximately caused by these defendants' wrongful acts according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment as specifically set forth below.

///
///
///
///
///
///
///
///
///

8
FIRST AMENDED COMPLAINT FOR DAMAGES: EMPLOYMENT DISCRIMINATION AND RETALIATION

## PRAYER

1. After appropriate proceedings, permanently enjoin Defendants from discriminating against African Americans and cease retaliation against those who engage in protected activities;

2. Award Harrison compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

3. Punitive damages;

4. Reasonable attorneys' fees;

5. Reasonable costs of suit; and

6. For any other relief that the Court deems just and proper.

Dated: June 26, 2020

LAW OFFICES OF JILL P. TELFER

_____
JILL P. TELFER
Attorney for Plaintiff,
**ANTHONY HARRISON**